506 F.Supp. 183 (1980)
SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, MISSOURI, a body corporate, Plaintiff,
v.
Arthur L. MALLORY, etc., et al., Defendants.
No. 80-876C (5).
United States District Court, E. D. Missouri, E. D.
September 23, 1980.
On Motion To Reconsider December 29, 1980.
*184 Schmitz & Fischer, St. Louis, Mo., for plaintiff.
J. Kent Lowry, Leslie Ann Schneider, Asst. Attys. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM AND ORDER
CAHILL, District Judge.
This matter is before the Court sua sponte.
Plaintiff, the Special School district of St. Louis County, Missouri, has filed a complaint against Arthur Mallory, the Missouri Commissioner of Education; the Missouri Department of Elementary and Secondary Education; the Missouri Board of Education, and the State of Missouri. In the complaint, plaintiff seeks declaratory and injunctive relief against the defendants for alleged violations of the due process and equal protection clauses of the Fourteenth Amendment and 42 U.S.C. § 1983. Plaintiff submits that these constitutional violations occurred as a result of the May 21, 1980, order by the Honorable James H. Meredith, now United States Senior District Judge, in Liddell v. The Board of Education of the City of St. Louis, State of Missouri, 491 F.Supp. 351. That order, in pertinent part, stated that:
12. The State defendants, the United States, and the St. Louis Board of Education are ordered and directed as follows:
a) To make every feasible effort to work out with the appropriate school districts in the St. Louis County and develop, for 1980-81 implementation, a voluntary, cooperative plan of pupil exchanges which will assist in alleviating the school segregation in the City of St. Louis, and which also insures that inter-district pupil transfers will not impair the desegregation of the St. Louis school district ordered herein, and submit such plan to the Court for approval by July 1, 1980.
b) To develop and submit to the Court by November 1, 1980, a plan for the consolidation or merger and full desegregation of the separate vocational educational programs operated by the Special District of St. Louis County and the school district of the City of St. Louis for implementation in the 1981-82 school year.
c) To develop and submit to the Court by November 1, 1980, a suggested plan of inter-district school desegregation necessary to eradicate the remaining vestiges of government-imposed school segregation in the City of St. Louis and St. Louis County.
Plaintiff alleges that since the inssuance of that order, defendants Mallory, the DESE, the State Board of Education, and the State of Missouri, have engaged in a course of action designed to consolidate the *185 plaintiff's vocational education programs with those of the school district of the City of St. Louis. This action, according to plaintiff, violates its constitutional rights since the plaintiff was not a party to the Liddell action. Plaintiff has also requested leave to file an amended complaint which adds Judge Meredith as a defendant and requests declaratory relief with respect to voluntary interdistrict student exchanges.
The Court notes two reasons why the present action should be dismissed:
1. On Friday, September 12, 1980, the Special School District of St. Louis County was joined as a party in the Liddell action before Judge Meredith. Plaintiff now has a full and adequate opportunity to present its claims regarding the alleged constitutional violations. The Court finds that the joinder of the Special School District as a party renders this action moot.
2. In addition, because the actions complained of are the subject of pending litigation before another United States District Judge, the Court finds that it should refrain from exercising its jurisdiction in order to avoid needless conflict with the administration of the remedies in Liddell. Accordingly, this Court would abstain from exercising its jurisdiction even assuming, arguendo, that the issues presented were not moot as a result of the plaintiff's joinder in the Liddell action.
Therefore,
IT IS HEREBY ORDERED that this action be and is DISMISSED.

On Motion To Reconsider
This matter is before the Court on the plaintiff's motion to reconsider.
The underlying facts are contained in the Memorandum and Order of this Court dated September 23, 1980. In essence, the plaintiff urges that it has been denied due process as a result of the orders of the Honorable James H. Meredith, United States Senior District Judge, in the action styled Liddell v. Board of Education of the City of St. Louis, 491 F.Supp. 351. This Court dismissed the plaintiff's complaint on two grounds: (1) that the action was moot since plaintiff was made a party defendant in the Liddell action, and (2) even assuming that a live controversy existed, the Court would abstain from exercising jurisdiction over a dispute which was pending currently in another division of the district court.
Fundamentally, plaintiff seeks collateral review of the trial judge's orders in Liddell. The mechanism employed by the plaintiff is in the nature of a lateral appeal. Such is not the proper vehicle for plaintiff to obtain redress of its grievances. If litigants who desired to challenge a trial judge's orders could present claims before other trial judges within the district, cases would never be resolved.
In an order dated December 19, 1980, in the Liddell action, Judge Meredith stated:
Before any action will be taken with respect to the Special School District of St. Louis County, or any other school district that may hereafter be joined in this action, there will be a hearing in which the Special District will have ample opportunity to be heard. At that time, the Special District will have an opportunity to introduce evidence, cross-examine witnesses, and present arguments in its behalf. Any decision rendered by this Court will be based on the evidence introduced at that hearing. The Special District, as a party to this case, will then have the right to appeal any decision of the Court.
Thus, it is now explicitly and abundantly clear that the plaintiff will be accorded a full and adequate opportunity to present its claims regarding the alleged constitutional violations. Review of Judge Meredith's orders is hereafter limited to appeals to the United States Court of Appeals for the Eighth Circuit.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to reconsider be and is DENIED.